**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**PHILLIP WAYNE MATTINGLY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-P206-JHM**

**FAYATTE CO. DETENTION CENTER et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Phillip Wayne Mattingly, an inmate at the Fulton County Jail, filed a complaint on this Court's complaint form for a 42 U.S.C. § 1983 civil rights case. He sues the "Fayatte County Detention Center", "Fayate Co. Lex. Ky Police Dept."[1], "Lexington Jailer, Police Dept.," Lexington Chief of Police Jim Smith, Fayette County Detention Center Deputy James Thomas, Fulton County Detention Center Jailer Steve Williams, "Deputies" at Fulton County Jail, Fulton County Jail Nurses Maicy and Anna, and "Nurse Staf, Provider Registered Hickman, Ky."

Plaintiff alleges that while staying at Dismas Charities in Lexington, Kentucky, he fell and was taken to the hospital by ambulance where he was diagnosed with a fractured shoulder and knee. He states that the Lexington Police came to serve a warrant on him, and then they forced him into a police car causing further injury to his shoulder and neck. Plaintiff further alleges that when the police officers took him to the Fayette County Jail they tore his shirt and "pushed [him] into jail." He also alleges that his constitutional rights were violated because he was not able to talk to an attorney while at the Fayette County Jail.

Plaintiff further alleges that when the "Probation Office" came to the jail and Plaintiff explained that he was on the waiting list for housing, "they" told him that once he was in permanent housing he "would not be on parole." He also alleges that the Public Advocacy Department did

[1] The city of Lexington is located in Fayette County, Kentucky.

not handle his criminal case correctly. He asks this Court to "release" him in Adair County Case No. 17-CR-00200.

Plaintiff also alleges that the Fulton County Detention Center will not help him with the pain from his injuries in violation of the Eighth Amendment.

As relief, he requests "release to sober living" and damages for the days he spent incarcerated after 2021.

**I.**

Federal Rule of Civil Procedure 20 states in relevant part,

> Persons . . . may be joined in one action as defendants if:
>
> (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (2009) (internal quotation marks and cite omitted).

After reviewing Plaintiff's complaint, the Court concludes that Plaintiff's claims against the Fayette County Defendants do not arise out of the same transaction or occurrence as the Fulton County Defendants. His complaint regarding the Fayette County Defendants involve alleged excessive force in transferring Plaintiff to the Fayette County Detention Center and not allowing Plaintiff to speak to an attorney. His claim against the Fulton County Defendants involves the

alleged denial of pain medication. Therefore, Plaintiff's claims arise from the alleged actions or inactions of each Defendant at different times and at different locations.

Having concluded that the Fayette County Defendants have been improperly joined, the Court must decide on an appropriate remedy. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

"Rule 21 gives the court discretion to make three types of orders. The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted). "Severance under Rule 21 results in separate actions." *Id.* at § 21.06. "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances . . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id.*

After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's claims against the Fayette County Defendants and then transfer them to the Eastern District of Kentucky, the judicial district in which Fayette County is located, *see* 28 U.S.C. § 97(a), and where venue over those claims is most appropriate. *See* 28 U.S.C. § 1404(a).

**II.**

For the foregoing reasons, **IT IS ORDERED** that the claims against the following Defendants are **SEVERED**: "Fayatte Co. Detention Center", "Fayate Co. Lex. Ky Police Dept.", "Lexington Jailer", "Police Dept.", Lexington Chief of Police Jim Smith, and Fayette County Detention Center Deputy James Thomas.

The Clerk of Court is **DIRECTED** to terminate "Fayatte Co. Detention Center", "Fayate Co. Lex. Ky Police Dept.", "Lexington Jailer", "Police Dept.", Lexington Chief of Police Jim Smith, and Fayette County Detention Center Deputy James Thomas as parties to this action.

Pursuant to Rule 21, **the Clerk of Court is DIRECTED** to open a new civil action with the complaint (DN 1) as the complaint and "Fayatte Co. Detention Center", "Fayate Co. Lex. Ky Police Dept.", "Lexington Jailer", "Police Dept.", Lexington Chief of Police Jim Smith, and Fayette County Detention Center Deputy James Thomas as Defendants in the new action. The instant Memorandum Opinion and Order shall be docketed in the new action as well.

The **Clerk of the Court is FURTHER DIRECTED** to **TRANSFER** the newly opened action to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington.

Date: August 18, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009